UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | : | MDL No. 24-3108 (DWF/DJF) |

**NONPARTY MOXFIVE LLC'S MOTION TO QUASH**
**AND MEMORANDUM OF LAW IN SUPPORT**

Nonparty MOXFIVE LLC ("MOXFIVE") moves under Federal Rules of Civil Procedure 26 and 45 for an order quashing the deposition and document subpoena issued on September 15, 2026 (the "Subpoena").

## I. Introduction

The Subpoena commands a nonparty Virginia-based company incorporated in Delaware to produce extensive documents at a law office in the Bronx on October 7, 2026, and to present one or more corporate representatives there for deposition the next day. Rule 45 does not permit this command.

The Subpoena was issued in litigation pending in the District of Minnesota, but it designates the aforementioned law office (located at 1500 Astor Avenue, Second Floor, Bronx, NY, 10469) as the place of compliance. The subpoena also requires extensive document production, per Schedule B. This production is unduly burdensome.

MOXFIVE is a Delaware limited liability company, and maintains its principal place of business in Tysons, Virginia. "The '100 mile' provision in the Federal Rules is measured along a straight line on a map rather than along the ordinary, usual and shortest route of public travel." *James v. Runyon*, 91-CV-246, 1993 U.S. Dist. LEXIS 6773, at *5 (N.D.N.Y. May 15, 1993).

A straight line on a map yields a distance of approximately 147 miles from the commanded location to MOXFIVE's registered agent in Dover, Delaware. This is outside the 100-mile geographic limit specifically articulated for depositions and document production in Federal Rule of Civil Procedure 45.

Discovery must abide by the law. The Subpoena does not. The Court should quash it.

**II. FRCP 45 provides no basis for enforcing this subpoena.**

Since MOXFIVE is not a party to this litigation, and it is not an officer to a party in this litigation, and has not been commanded to attend a trial, FRCP 45(c)(1)(A) and 45(c)(2)(A) are particularly relevant.

FRCP 45(c)(1)(A) makes clear, a subpoena may command a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person. FRCP 45(c)(2)(A), which applies to document production, imposes a geographic limit of otherwise identical specifics and size.

Simply put, MOXFIVE does not reside, is not employed, and does not regularly transact business within 100 miles of 1500 Astor Avenue, Bronx, NY, and MOXFIVE therefore cannot be compelled either to produce documents at that location or to send a representative for testimony.

**III. This Subpoena cannot compel MOXFIVE to travel.**

Per FRCP 45, as the Second Circuit has acknowledged, "unless a person is a party to the litigation or an officer of a party, he cannot be compelled to travel more than 100 miles from where he resides or works to be deposed." *Edelman v. Taittinger (In re Edelman)*, 295 F.3d 171, 178 (2d Cir. 2002) (superseded only to the extent it involves 28 U.S.C. § 1782, which is irrelevant to this case, *Minatec Fin. S.a.r.l. v. SI Grp. Inc.*, No. 1:08-CV-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *12-13 n.7 (N.D.N.Y. Aug. 18, 2008)).

FRCP 45's geographical limit "gives nonparty deponents protection from expending time and money to comply with a subpoena." *Edelman*, 295 F.3d at 178. As a nonparty deponent, MOXFIVE is entitled to such protection as a matter of law.

**IV. This Subpoena cannot compel MOXFIVE to produce documents, both due to the geographic limit and due to undue burden.**

The Subpoena's document production mandate, embodied clearly in Schedule B, also requires production at the aforementioned Bronx location.

This is unduly burdensome to a nonparty. The Subpoena defines MOXFIVE to include an expansive collection of affiliated persons and entities. The Subpoena also demands a variety of facially overbroad categories. These include "All Documents Concerning" nine separate topics, the last of which is "this Action or the allegations in the Complaint."

Rule 45 requires the issuing party to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena, and the court must quash or modify a subpoena which subjects a person to undue burden. *Lelchook v. Lebanese Canadian Bank, SAL*, 670 F. Supp. 3d 51, 54 (S.D.N.Y. 2023). As evidenced by the astounding size of these requests, reasonable steps were not taken.

As previously articulated, the plain language of FRCP 45(c)(2)(A) makes clear that the same geographic limit which applies to a deposition also applies to document production. The expressly designated place of compliance is clearly outside the geographic limit of 100 miles.

If another subpoena is issued to MOXFIVE in this case, MOXFIVE reserves the right to raise other objections to the Notice of Deposition and to the documents requested for production. Such objections are not worth making here because the subpoena is clearly and entirely invalid.

September 25, 2026

Respectfully submitted,

______________________________

Christopher M. Helsel (SDNY Bar No. CH4898)
O'Hagan Meyer, PLLC
225 Reinekers Lane, Suite 300
Alexandria, VA 22314
T: (703) 775-8609
E: chelsel@ohaganmeyer.com